DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court sua sponte. Appellant, Sterling Sharrar, is being held in Lucas County pursuant to a fugitive warrant from Texas where he is charged with failure to register as a sex offender. Sharrar filed a "Motion for Dismissal of Extradition" in the common pleas court in which he alleges that he is not the individual named in the warrant. The Lucas County Court of Common Pleas held an identification hearing and found:
 {¶ 2} "[T]he State of Ohio has proven the identity of the defendant. The defendant not waiving extradition, the State of Ohio has 60 days to file a Governor's Warrant. Matter set for hearing on October 21, 2003 at 1:30 p.m. Bond is continued."
 {¶ 3} Sharrar filed a notice of appeal from this order. We find that we have no jurisdiction to hear Sharrar's appeal. R.C.2505.02 defines what is a final, appealable order, and states:
 {¶ 4} "2505.02 Final order.
 {¶ 5} "(A) As used in this section:
 {¶ 6} "(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 {¶ 7} "(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 {¶ 8} "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 {¶ 9} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 10} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 11} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 12} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 13} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 14} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 15} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 16} "(5) An order that determines that an action may or may not be maintained as a class action.
 {¶ 17} "(C) When a court issues an order that vacates or sets aside a judgment or grants a new trial, the court, upon the request of either party, shall state in the order the grounds upon which the new trial is granted or the judgment vacated or set aside.
 {¶ 18} "(D) This section applies to and governs any action, including an appeal, that is pending in any court on the effective date of this amendment and all claims filed or actions commenced on or after the effective date of this amendment, notwithstanding any provision of any prior statute or rule of law of this state."
 {¶ 19} The order from which Sharrar has appealed does not fit into any of the categories of this statute. This court only has jurisdiction to hear appeals from final orders. See, Section 3(B)(2), Article IV of the Ohio Constitution.
 {¶ 20} "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals * * *."
 {¶ 21} Accordingly, this appeal is ordered dismissed at appellant's costs.
Richard W. Knepper, J., Mark L. Pietrykowski, J., Arlene Singer, J., CONCUR.